COX FRICKE
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| JOACHIM P. COX | 7520-0 |
| jcox@cfhawaii.com | |
| RANDALL C. WHATTOFF | 9487-0 |
| rwhattoff@cfhawaii.com | |
| KAMALA S. HAAKE | 9515-0 |
| khaake@cfhawaii.com | |

800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone: (808) 585-9440
Facsimile: (808) 275-3276

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0001046
22-JUL-2020
01:21 PM**

Attorneys for Plaintiff
OHANA MILITARY COMMUNITIES, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC,<br><br>            Plaintiff,<br>   vs.<br><br>INTERSTATE PLASTIC, INC., an Idaho corporation; J-M MANUFACTURING COMPANY, INC., a Delaware corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE LIMITED LIABILITY COMPANIES 1-10,<br><br>            Defendants. | CIVIL NO. _____<br>(Other Civil Action)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiff Ohana Military Communities, LLC ("Ohana"), by and through its

attorneys, Cox Fricke LLP, and for a Complaint against the above-named Defendants

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai'i.
Dated at: Honolulu, Hawai'i 23-JUL-2020, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai'i



**EXHIBIT "A"**

Interstate Plastic, Inc. ("Interstate"), an Idaho corporation, and J-M Manufacturing Company, Inc. ("J-M"), a Delaware corporation (collectively, "Defendants"), alleges and avers as follows:

## Parties

1. At all times material herein, Ohana was a domestic limited liability company organized and authorized to do business under the laws of the State of Hawai'i, with its principal place of business in the State of Hawai'i.

2. Upon information and belief, at all times material herein, Interstate was an Idaho corporation organized under the laws of the State of Idaho.

3. On information and belief, at all times material herein, J-M was a Delaware corporation organized under the laws of the State of Delaware.

4. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, and Doe Limited Liability Companies 1-10 are sued herein under fictitious names for the reason that after diligent and good faith efforts to ascertain their names and identities through review of applicable records and reports and through interviews, their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendant(s) and/or were the agents, servants, employees, employers representatives, co-venturers, associates, vendors, suppliers, manufacturers, sub-contractors or contractors and/or owners, lessees, assignees, and licensees of the Defendant(s) and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner and in some degree responsible for the damages to Plaintiff alleged herein and/or were in some manner

related to Defendant(s) and Plaintiff prays for leave to insert herein their true names, identities, capacities, activities and/or responsibilities when the same are ascertained.

## Jurisdiction and Venue

5.  Jurisdiction over Defendants is proper because the acts that are the subject of this Complaint took place within the State of Hawai'i and within the territorial limits of this Court. Moreover, this Court has jurisdiction pursuant to Hawai'i Revised Statutes ("HRS") sections 603-21.5 and 604-5 inasmuch as the amount in controversy exceeds $40,000.00.

6.  Venue is proper in this Court under HRS section 603-36(5) as the claim for relief filed herein arose in this Circuit.

## General Allegations Applicable to All Counts

7.  At all relevant times, Interstate Plastic was in the business of manufacturing, distributing, and selling polyethylene ("PE") pipes for use as a component for conveying gases, liquids, and other fluids.

8.  At all relevant times, J-M has been in the business of manufacturing, distributing, and selling polyvinyl chloride ("PVC") and high-density polyethylene ("HDPE") pipes for use in distribution pipelines of potable water, sewer, and water reclamation projects. On information and belief, at all relevant times, J-M was and currently is the world's largest pipe manufacturer.

9.  In or around 2007, J-M acquired all of the outstanding shares of PW Eagle, Inc. ("PW Eagle"). At all relevant times, PW Eagle manufactured plastic pipe, fittings, and tubing products. The acquisition by JM Eagle included USPoly

Company, LLC ("USPoly"), a wholly-owned subsidiary of PW Eagle that manufactured PE pipe and fittings.

10. Historically, military housing in Hawai'i was owned and operated by the federal government. In 1996, Congress established the Military Housing Privatization Initiative ("MHPI"), which allowed for the formation of public-private ventures to build, renovate, and sustain military housing.

11. Ohana is a public-private venture that was formed in May 2004 by the Department of the Navy and Hawai'i Military Communities, LLC under the MHPI.

12. Pursuant to the operative Ground Lease between Ohana and the Navy, the Navy retained fee title ownership of the land on which the military housing communities at issue are located, and, with certain exceptions, transferred control of the existing facilities and improvements, as well as future improvements, to Ohana for a 50-year term. Upon termination of the Ground Lease, all improvements revert to the Navy, including any water distribution systems, roadways, sidewalks, and homes.

13. Since entering into the Ground Lease, Ohana has redeveloped many of the outdated military housing neighborhoods under its control.

14. In the course of redeveloping the various military housing neighborhoods, Ohana contracted with general contractors who purchased—either directly or through a subcontractor—high-density polyethylene ("HDPE") pipes manufactured by USPoly, and/or Interstate (collectively, the "Pipes"). These Pipes were installed in water distribution systems throughout military housing neighborhoods redeveloped by Ohana.

15. On information and belief, the following Pipes were installed in water distribution systems on Ohana-redeveloped property and subsequently leaked, burst or otherwise failed:

  a. USPoly: Eagle High Density 3408 – ASTM D 2737 CTS, 1" & 1 ½" ("Eagle HD 3408, ASTM D2737")

  b. Interstate: P.E. 3408, CTS 1-1/4"

16. On information and belief, other service lateral pipes manufactured by Defendants may have also been installed and failed in water distribution systems on Ohana-redeveloped property.

17. The product information sheet at the time of purchase for the Eagle HD 3408, ASTM D2737 pipe identifies that the pipe meets ASTM D2737[1] and AWWA C901[2] product standards.

18. The product information sheet at the time of purchase for the Eagle HD 3408, ASTM D2239 pipe identifies that the pipe meets ASTM D2239 and (for 1 ¼" SIDR 11.5 pipes) AWWA C901 product standards.

19. Ohana has been unable to locate product information sheets for the Interstate pipes. However, upon excavation, pipes in one neighborhood bear Interstate's name on the length of the pipe, as well as the following (the "print string"): "P.E. 3408";

---

[1] ASTM International ("ASTM"), which was formerly known as the American Society for Testing and Materials, is an international standards organization that develops and publishes voluntary consensus technical standards for a wide range of products and materials, including plastics.

[2] The American Water Works Association ("AWWA") publishes standards that address all facets of water treatment and delivery.

5

"AWWA C901"; "200 PSI @ 73 [illegible]"; "SDR-9." On information and belief, Interstate also represented that the Pipes met ASTM D2737.

20. Interstate's print string indicates that Interstate has certified that the HDPE pipes meet the standards of AWWA C901 and are rated to withstand 200 psi.

21. In other neighborhoods where Pipes have been excavated post-failure, the Pipes no longer contain any legible markings identifying the manufacturer, size, and other specifications, as required by AWWA C901 and ASTM D2239 and D2737. Based on photos taken at the time of installation, the lateral pipes in one of these neighborhoods were 1.5 inches in diameter and previously bore the "Interstate Plastic, Inc." marking. On information and belief, at the time of installation, these Interstate pipes likewise represented that they met the standards of, at least, AWWA C901 and ASTM D2737.

22. In certifying that the Pipes meet industry standards, Defendants represented that the pipes were manufactured, inspected, sampled and tested in accordance with these standards and were found to meet the standards' requirements.

23. One of the reasons why HDPE pipe standards are so important is because such pipes are used in vital activities, such as water transmission. Because HDPE pipes are embedded deep under the surface where they cannot be removed without significant damage to or demolition of roadways, buildings, sidewalks, and other structures, HDPE pipes used in water distribution systems are intended to last for decades.

24. Although Ohana may not have directly purchased the Pipes, Ohana approved the purchase and installation of the Pipes, exercises control over, and maintains them. Therefore, Ohana relied on the representations made by Defendants concerning standards and certification because the consequences of owning non-compliant pipe—including the potential for catastrophic failure—will ultimately be experienced by Ohana and, potentially, Ohana's tenants and visitors.

25. In addition, HDPE pipe meeting specified standards is required by local regulations.

26. Ohana would not have purchased the Pipes if they did not meet the AWWA and ASTM standards represented.

27. Given the rate at which the Pipes have been leaking and/or failing, there is a systemic problem with all or substantially all of the Pipes in the water distribution systems in neighborhoods where either Interstate or USPoly pipes were installed.

28. Ohana has ruled out other potential causes of the failures, such as over-pressurization.

29. Therefore, on information and belief, the Pipes suffer from a design or manufacturing defect, which has caused the Pipes to prematurely fail well in advance of their useful life.

30. The defects in the Pipes have caused the Pipes to leak, burst or otherwise fail in certain residential neighborhoods that were redeveloped by Ohana. As a result, Ohana has suffered damages including, but not limited to: cost to repair and/or

replace the defective Pipes; increased operational costs; and costs to repair the surrounding sidewalks, roadways, and curbs.

## COUNT I
### (Strict Liability)

31. The foregoing allegations are realleged and incorporated by reference herein.

32. At all relevant times, Defendants were engaged in the business of designing, manufacturing, selling, distributing, marketing, and selling HDPE pipes.

33. Defendants expected that the Pipes would reach the ultimate consumer or user without substantial change in its condition after it is sold.

34. On information and belief, the Pipes were installed in their original condition, without any alterations.

35. Defendants knew, or should have known, that the Pipes contained a defect that rendered them unreasonably dangerous for their intended or reasonably foreseeable use as lateral service pipes in a water distribution system.

36. The defects in the Pipes have caused the Pipes to leak, suddenly burst or otherwise fail in certain residential neighborhoods that were redeveloped by Ohana. As a result, Ohana has suffered damages including, but not limited to: cost to repair and/or replace the defective Pipes; increased operational costs; and costs to repair the surrounding sidewalks, roadways, and curbs, which are owned by the Navy.

## COUNT II
### (Product Liability)

37. The foregoing allegations are realleged and incorporated by

reference herein.

38. Defendants owed a duty of reasonable care to Ohana in the design, manufacture, distribution, marketing, and sale of the Pipes.

39. Defendants breached their duty of care by, among other things: (a) failing to adequately and properly manufacture, design, market or sell Pipes that were free from defects; (b) failing to adequately and properly test and inspect the Pipes to prevent defects; (c) failing to manufacture the Pipes in accordance with relevant AWWA, ASTM or other industry standards or codes; and (d) failing to permanently mark the Pipes in accordance with relevant AWWA, ASTM or other industry standards or codes.

40. As a result of Defendants' breaches, the Pipes contained defects, which caused them to leak, suddenly burst or otherwise fail in water distribution systems in certain of the neighborhoods that are leased to and redeveloped by Ohana.

41. As a result of the defects in the Pipes, Ohana has been damaged in an amount to be determined at trial.

## COUNT III
(Negligent Misrepresentation)

42. The foregoing allegations are realleged and incorporated by reference herein.

43. In the course of manufacturing, distributing, marketing or selling the Pipes, Defendants failed to exercise reasonable care or competence in the communication of information to prospective purchasers or end users of the Pipes.

44. Defendants negligently misrepresented that the Pipes met the respective requirements and standards of the relevant AWWA and ASTM in existence at the time of manufacture.

45. Defendants knew, or should have known, that the Pipes were defective and/or were otherwise prone to failure and, consequently, did not meet the requirements and standards of the relevant AWWA and ASTM in existence at the time of manufacture.

46. Ohana justifiably relied on Defendants' representations and/or certifications as to the specifications of the Pipes in allowing them to be purchased and installed in water distribution systems in the residential military neighborhoods that Ohana was redeveloping.

47. As a result of Defendants' misrepresentations, Ohana has been damaged in an amount to be determined at trial.

COUNT IV
(Fraudulent Misrepresentation)

48. The foregoing allegations are realleged and incorporated by reference herein.

49. Given the extensive failure rate of the Pipes, Defendants knew or should have known that: (a) there were defects in the Pipes that rendered them unsuitable for their intended use and/or (b) that the Pipes did not meet the respective requirements and standards of the relevant AWWA and ASTM in existence at the time of manufacture, as represented.

50. On information and belief, Defendants knowingly or intentionally misrepresented that the Pipes met the respective requirements and standards of the relevant AWWA and ASTM in existence at the time of manufacture.

51. Defendants knew that end users or consumers like Ohana would rely on such representations.

52. Ohana detrimentally relied on Defendants' representations and/or certifications as to the specifications of the Pipes in allowing them to be purchased and installed in water distribution systems in the residential military neighborhoods that Ohana was redeveloping.

53. As a result of Defendants' misrepresentations, Ohana has been damaged in an amount to be determined at trial.

## COUNT V
(Unfair Methods of Competition – Haw. Rev. Stat. § 480-2)

54. The foregoing allegations are realleged and incorporated by reference herein.

55. In misrepresenting that the Pipes met the respective requirements and standards of the relevant AWWA and ASTM in existence at the time of manufacture, Defendants engaged in unfair methods of competition.

56. In failing to ensure that the exterior of the pipes contained permanent identification markings that would remain legible, in accordance with relevant AWWS and ASTM standards, Defendants have engaged in unfair methods of competition. The absence of such markings makes it impossible for the end user or consumer to identify

the manufacturer of the Pipes unless he/she/it retained the original construction documents.

57. On information and belief, J-M is the largest pipe manufacturer in the world. Through this market dominance, J-M is able to effectively set the price for HDPE products.

58. On information and belief, other competitors, such as Interstate, are thus required to lower their prices so that they remain competitive with J-M.

59. On information and belief, in order to lower the price charged for HDPE products, Defendants decreased the quality of the raw materials utilized in manufacturing the Pipes, did not sufficiently or properly test the Pipes to ensure that they met the relevant AWWA and ASTM standards, and/or otherwise decreased the quality of the Pipes in order to lower the cost to produce the Pipes.

60. On information and belief, such unfair methods of competition have caused a consolidation of the pipe manufacturing industry through a series of mergers and acquisitions.

61. Defendants' misrepresentations of material facts created an unfair advantage over other pipe manufacturers offering water distribution products. Due to Defendants' misrepresentations, Ohana approved the purchase and installation of what Ohana now knows to be a substandard product to the detriment of not only Ohana but other pipe manufacturers selling similar products that met Ohana's specifications and were defect-free.

62. As a result of Defendants' actions, Ohana has suffered significant injury to its business. Specifically, Ohana has suffered a diminishment of its financial resources. Ohana's operational costs have increased due to having to repair and replace the defective Pipes, as well as the surrounding sidewalks, roadways, curbs, and landscaping. Ohana's harm in this regard is ongoing, as it will now have to replace all of the Pipes in the affected water distribution systems.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered in its favor against Defendants as follows:

1. For an award of special and general damages in Plaintiff's favor and against Defendants in an amount to be determined at trial.

2. For interest on pecuniary losses from the date of occurrence of such losses.

3. For punitive damages for Defendants' intentional, malicious, wanton, and/or grossly negligent misrepresentations.

4. For treble damages under section 480-13 of the Hawai'i Revised Statutes.

5. For any attorneys' fees and costs incurred, to the extent permitted by law.

6. For such other and further relief as this Court deems just.

DATED: Honolulu, Hawai'i, July 22, 2020.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
KAMALA S. HAAKE

Attorneys for Plaintiff
OHANA MILITARY COMMUNITIES, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>INTERSTATE PLASTIC, INC., an Idaho corporation; J-M MANUFACTURING COMPANY, INC., a Delaware corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE LIMITED LIABILITY COMPANIES 1-10,<br><br>Defendants. | CIVIL NO. _____<br>(Other Civil Action)<br><br>DEMAND FOR JURY TRIAL |

**DEMAND FOR JURY TRIAL**

Plaintiff Ohana Military Communities, LLC, by and through its attorneys, Cox Fricke LLP, hereby demands a trial by jury on all issues so triable in the action filed by Plaintiff herein.

DATED: Honolulu, Hawai'i, July 22, 2020.

/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
KAMALA S. HAAKE

Attorneys for Plaintiff
OHANA MILITARY COMMUNITIES, LLC

CSL

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| **PLAINTIFF**<br>OHANA MILITARY COMMUNITIES, LLC | VS. | **DEFENDANT(S)**<br>INTERSTATE PLASTIC, INC., an Idaho corporation; J-M MANUFACTURING COMPANY, INC., a Delaware corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE LIMITED LIABILITY COMPANIES 1-10 |

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

JOACHIM P. COX            7520-0
RANDALL C. WHATTOFF   9487-0
KAMALA S. HAAKE         9515-0
Cox Fricke LLP
800 Bethel Street, Suite 600, Honolulu, HI 96813
Telephone: (808) 585-9440

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Joachim P. Cox, Randall C. Whattoff and Kamala S. Haake
Cox Fricke LLP, 800 Bethel Street, Suite 600, Honolulu, HI 96813

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | Effective Date of 28-Oct-2019<br>Signed by: /s/ Patsy Nakamoto<br>Clerk, 1st Circuit, State of Hawai'i  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint   RG-AC-508 (10/19)

COX FRICKE
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| JOACHIM P. COX | 7520-0 |
| jcox@cfhawaii.com | |
| RANDALL C. WHATTOFF | 9487-0 |
| rwhattoff@cfhawaii.com | |
| KAMALA S. HAAKE | 9515-0 |
| khaake@cfhawaii.com | |

800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone: (808) 585-9440
Facsimile: (808) 275-3276

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0001046
10-AUG-2020
12:19 PM**

Attorneys for Plaintiff
OHANA MILITARY COMMUNITIES, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC,<br><br>            Plaintiff,<br>    vs.<br><br>INTERSTATE PLASTIC, INC., an Idaho corporation; J-M MANUFACTURING COMPANY, INC., a Delaware corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE LIMITED LIABILITY COMPANIES 1-10,<br><br>            Defendants. | CASE NO. 1CCV-20-0001046 BIA<br>(Other Civil Action)<br><br>PROOF OF CORPORATE SERVICE<br><br>(J-M Manufacturing Company, Inc.)<br><br>Trial: None set |

## IN THE OʻAHU 1ST CIRCUIT COURT, HAWAIʻI

| | |
|---|---|
| OHANA MILITARY COMMUNITIES, LLC<br><br>Plaintiff<br>v.<br><br>INTERSTATE PLASTIC, INC., an Idaho corporation<br><br>Defendant | Case No.:1CCV-20-0001046 |

### PROOF OF CORPORATE SERVICE

That I, Kevin Dunn hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing documents are true and do affirm I am a competent person over 18 years of age and not a party to this action

That on 7/29/2020 at 1:45 PM at 251 Little Falls Drive, Wilmington, DE 19808 I served J-M MANUFACTURING COMPANY, INC., a Delaware corporation with the following list of documents: COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with Lynanne Gares whose title is Person authorized to accept in New Castle County.

That the description of the person actually served is as follows: Gender: Female Skin: White Age: 40 Height: 5'5" Weight: 180 Hair: Brown Eyes:  Marks:

That the fee for this Service is $ .00

_____
Kevin Dunn
Contracted by CLSS Online, Inc.
715 N. Central Avenue, Suite 218
Glendale, CA 91203
(800) 336-2577

Executed On: 8/3/2020



Order #:6360